**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARSHA E. WHEELER-CHRIST, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. AW-06-1925 |
| | * | |
| MONTGOMERY COUNTY, MARYLAND, *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Marsha Wheeler-Christ ("Plaintiff" or "Wheeler-Christ"), acting *pro se*, brings this employment discrimination action against Defendants Montgomery County, Maryland ("Montgomery County") and the Department of Public Works and Transportation ("Public Works"). Currently pending before the Court are Defendant Montgomery County's Motion to Dismiss [9], Defendant Public Works's Motion to Dismiss [11], and Plaintiff's Motion for Default and Dismiss More Defined Statement [13]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the Court will GRANT both Defendants' motions to dismiss and DENY Plaintiff's motion for default and dismiss more defined statement.

**DISCUSSION**

Defendants claim that Plaintiff's Complaint should be dismissed without prejudice because it fails to comply with the pleading requirements in Fed. R. Civ. P. 8(a)(2) and 10(b). Pursuant to the requirements of Fed. R. Civ. P. 10(b), all averments are to be made in numbered paragraphs, the

contents of each are to be limited to a statement of a single set of circumstances. In addition, each claim founded upon a separate transaction or occurrence must be stated in a separate count, "whenever a separation facilitates the clear presentation of the matter set forth." Fed. R. Civ. P. 10(b). In addition, it must "be considered in light of the liberal pleading standards of Rule 8(a)," that a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bureerong*, 922 F. Supp. at 1461. According to Fed R. Civ. P. 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." This type of motion "attacks unintelligibility in a pleading, not simply mere lack of detail," *Bureerong v. UVAWAS*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing William Schwarzer, et al., *California Practice Guide*: *Federal Civil Procedure Before Trial* § 9:349).

It should also be noted that, because both rules are designed to improve the intelligibility of the pleadings, motions to state and number counts separately under Rule 10(b) and for a more definite statement under Rule 12(e) "may be used alternatively in some situations, and courts may properly treat the two motions interchangeably." Wright & Miller, *supra*, § 1376. It is sometimes coupled, as here, with a motion under Rule 12(b)(6) for failure to state a claim, when the complaint is so confusing that it is not possible to determine whether there is or is not a viable claim contained therein. 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2004). In order for the motion to be appropriate, the pleading must be "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to himself." *Id*.

Here, Plaintiff's Complaint fails to contain separate numbered paragraphs, separate counts, short and plain statements of the claim, nor any specific allegations regarding Plaintiff's proposed relief. Instead, Plaintiff's Complaint contains statements which are confusing, ambiguous, vague, verbose, and unintelligible. As such, the Court believes Plaintiff has failed to comply with the pleading requirements in Fed. R. Civ. P. 8(a)(2) and 10(b). Furthermore, the Court does not recognize Plaintiff's allegation of a "Retaliation Religion, Ancestry, Physiology, Ethnicity, Race, Age, Gender, Ethics (RAPE RAGE) discrimination" (Pl.'s Compl. at 1) as a cognizable legal claim. Therefore, the Court will grant Defendant Montgomery County's motion to dismiss without prejudice. Additionally, as Defendant Public Works is not an entity capable of suing and being sued, the Court will GRANT Public Works's motion to dismiss with prejudice.

Next, the Court, before reviewing Plaintiff's motion for default and dismiss more defined statement, will bifurcate Plaintiff's motion into two separate motions and address them in turn: (1) as a request for default against Defendants for failing to timely respond to Plaintiff's Complaint; and (2) as a response to Defendants' motion to dismiss, opposing Defendants' motion with what appears to be a proposed Amended Complaint. First, as to Plaintiff's motion for default against Defendants, the Court finds that although Defendants apparently filed a response to Plaintiff's Complaint, twenty one (21) days after they had been served with Plaintiff's Summons and Complaint, Plaintiff has not been prejudiced nor overly burdened by the one day delay. Therefore, the Court will permit the response and DENY Plaintiff's motion for default.

As to Plaintiff's response to Defendant's motion to dismiss, the Court believes Plaintiff's premature filing of her amended complaint suffers from the same defects as her initial Complaint for being too vague, confusing, and incoherent. Nevertheless, as discussed *supra*, the Court will

3

grant Plaintiff leave to file her formal Amended Complaint.  A grant of leave to amend is favored absent prejudice to the opposing party.  *See Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 170 (4th Cir. 2001) (citations omitted).  Moreover "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations ... conjecture about the merits of the litigation should not enter into the decisions whether to allow amendment."  *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).  Futility is governed by the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  *Perekins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  Here, as an Amended Complaint would serve beneficial to both parties, the Court will GRANT Plaintiff's motion to leave to file an new Amended Complaint up to and including ten (10) days from the entry of this Memorandum Opinion and Order and DENY Plaintiff's motion to dismiss more defined statement.  Plaintiff is directed to adhere to the pleading requirements previously discussed.

## CONCLUSION

For all of the aforementioned reasons, the Court will GRANT Defendant Montgomery County's motion to dismiss without prejudice, GRANT Defendant Public Works's motion to dismiss with prejudice, DENY Plaintiff's motion for default and dismiss more defined statement and GRANT Plaintiff's motion to leave to file amended complaint.  An Order consistent with this Memorandum Opinion will follow.

Date:  May 10, 2007                                    /s/
                                                        Alexander Williams, Jr.
                                                        United States District Court Judge