**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARSHA E. WHEELER-CHRIST, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-1925 |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Marsha Wheeler-Christ ("Plaintiff" or "Wheeler-Christ"), acting *pro se*, brings this employment discrimination action against Defendant Montgomery County, Maryland ("Defendant" or "Montgomery County").   Currently pending before the Court is Defendant Montgomery County's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 17). Plaintiff has not responded to Defendant's motion, and the time period allotted for Plaintiff's response expired on June 18, 2007.   Thus, Defendant's motion is now ripe for review.   The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary.   *See* Local Rule 105.6 (D. Md. 2004).   For the reasons set forth below, the Court will Grant-in-part with prejudice and Grant-in-part without prejudice Defendant's motions to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 52-year-old, Black, Native American Indian female, who is a member of the Ani Kituah and Christian religion.   Plaintiff has been, and still is, employed by Montgomery

County since June 1988.  On July 27, 2006, Plaintiff brought an employment discrimination action against Montgomery County and the Department of Public Works Transportation.  On November 20, 2006, Defendants filed a motion to dismiss Plaintiff's Complaint on the grounds that it failed to comply with the pleading requirements of Rules 8(a)(2) and 10(b) of the Federal Rule of Civil Procedure and that it failed to state a claim under Rule 12(b)(6).

The Court issued a Memorandum Opinion and Order granting dismissal with prejudice to the Department of Public Works and dismissal without prejudice as to Montgomery County (Doc. No. 14) on May 10, 2007.  The Court instructed Plaintiff to amend her Complaint in compliance with Fed. R. Civ. P. 8(2) and 10(b).  Accordingly, on May 21, 2007, Plaintiff filed a fourteen-count Amended Complaint against Montgomery County for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") (Doc. No. 16).  On May 31, 2007, pursuant to Rules 8(a), 10(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed a motion to dismiss Plaintiff's Amended Complaint (Doc. No. 17).

## STANDARD OF REVIEW

*Rules 8(a) and 10(b)*

Pursuant to the requirements of Federal Rule of Civil Procedure10(b), all averments are to be made in numbered paragraphs, and the contents of each are to be limited to a statement of a single set of circumstances.   In addition, each claim founded upon a separate transaction or occurrence must be stated in a separate count, "whenever a separation facilitates the clear presentation of the matter set forth."  Fed. R. Civ. P. 10(b).  However, in light of the liberal pleading standards of Rule 8(a), a complaint need only be a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Mayle v. Felix*, 545 U.S. 644, 649 (2005).   Nevertheless, the short and plain statement, "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).   Motions to dismiss under Rules 8(a) and 10(b) are sometimes coupled with a motion to dismiss for failure to state a claim, particularly when the complaint is so confusing that it is not possible to determine whether there is or is not a viable claim contained therein.   *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2004).

*Rule 12(b)(6)*

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.   *See Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *See Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001).   Nor is the Court "bound to accept conclusory allegations regarding the legal effect of the

facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## DISCUSSION

Defendant claims that Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because it still fails to comply with the pleading requirements in Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.  Defendant argues that Plaintiff's Amended Complaint is vague, unintelligible, and fails to allege sufficient facts to support any cognizable legal theory.  Although Defendant presents cogent arguments, the Court recognizes that Plaintiff's Amended Complaint has remedied some of its initial deficiencies.[1]  However, the Court must note that Plaintiff's Amended Complaint has not cured all the deficiencies of the original Complaint.  Instead, Plaintiff's Amended Complaint, similar to the original Complaint, contains statements which are confusing, ambiguous, vague, verbose, and unintelligible, and fails to state legally cognizable claims.

The Court believes Plaintiff has failed to comply with the pleading requirements of Rules 8(a)(2) and 10(b) with respect to a number of the Counts and will, therefore, dismiss with prejudice the following counts: Counts I (Hostile Environment), II (National Origin-Based

---

[1] Plaintiff's Amended Complaint now contains separate numbered paragraphs, separate counts, and specific allegations regarding Plaintiff's proposed relief.

4

Favoritism), IV (Retaliation), V (Retaliation, Harassment, and Disparity Treatment), VIII (Retaliation), XII (Adverse Action and Harassment), XIII (Unfair Rating and Denial) and XIV (Inter se Conspiracy and Violation of Zero Tolerance of Discrimination). The Court, however, will allow Plaintiff one final opportunity to remedy the remaining counts:[2] Counts III (Color and Gender Discrimination), VI (Retaliation), VII (Retaliation), IX (Denial of Acting EAA Compensation and Credit), X (Retaliation), and XI (False Charges and Written Reprimand). The Court will separately discuss the counts to be dismissed with prejudice and those to be dismissed without prejudice.

**COUNTS DISMISSED WITH PREJUDICE**

*Count I: Hostile Environment - EEOC Complaint 2003 until 2006*

In Count I of Plaintiff's Amended Complaint, Plaintiff brings a claim for hostile environment by claiming that she was transferred from the maintenance section to the capital project management section in March 2003. In this new position, Plaintiff states that she was to supervise two employees, but she informed her supervisor that she would not do so without compensation. Days later, a union representative told Plaintiff that she could perform all the duties assigned to her except leave requests and performance evaluations. Defendant argues that Count I fails to state a claim for hostile work environment under Title VII . The Court agrees and find that Plaintiff has presented no set of facts to support her claim for hostile environment. Therefore, the Court will dismiss Count I with prejudice.

---

[2] The Court strongly encourages Plaintiff to employ counsel in an effort to assist her with remedying the numerous procedural errors found in her Amended Complaint. Should Plaintiff's Second Amended Complaint contain the same deficiencies noted by the Court in the original and amended Complaints, Plaintiff may have difficulty convincing the Court that this case should not be dismissed with prejudice.

*Count II: National Origin-Based Favoritism*

In Count II, Plaintiff alleges "national origin-based favoritism" by claiming that she was asked to report to Hamid Omidvar, a male of Persian ancestry, after Mr. Omidvar had received word that Plaintiff had upset another employee, a female of Persian ancestry.  Plaintiff claims that after noticing errors on the weekly report made by the employee, Plaintiff requested to review the reports and asked the employee to correct the errors, which the employee failed to do and allegedly threw the report on Plaintiff's desk.  Defendant argues, and the Court agrees, that Plaintiff relates no facts which would support a claim for discrimination based on national origin.  Moreover, the Court does not recognize national origin-based favoritism as a cognizable legal claim under Title VII.  The Court will therefore dismiss this count with prejudice.

*Count IV: Retaliation - Reassignment of Duties and National Origin Based Favoritism*

In this Count, Plaintiff alleges that her supervisor allowed another employee to collect time sheets, although Plaintiff claims that she had years of experience in submitting time sheets and believes that the other employee did not have "time sheet submittal experience."  Plaintiff also claims that after she complained about being discriminated against, she was asked to relocate and switch places by sitting at the desk of the former Executive Administrative Aide. The Court finds that these allegations, without more, do not sufficiently set forth a cognizable claim.  Therefore, the Court will also dismiss this Count with prejudice.

*Count V: Retaliation, Harassment and Disparity Treatment*

After being transferred from the Gaithersburg, Maryland location, Plaintiff claims that the computer that had been assigned to her was transferred to another employee.  Plaintiff also claims that she was the only employee who did not receive her computer, assigned work space,

or garage parking.  While the Court understands Plaintiff's frustration, it does not believe that the facts alleged support a cognizable legal claim.  The Court, therefore, will dismiss this count with prejudice.

Count VIII - Color and National Based Favoritism

In Count VIII, Plaintiff claims "color and national based favoritism" on the grounds that her supervisor allowed another employee to deliver all mail directly to the supervisor without allowing it to pass through Plaintiff, who traditionally opened and date stamped the mail. Plaintiff compared this act to the historical denial of service to African Americans by employees of various establishments.  The Court finds that Plaintiff has not set forth a cognizable claim and will, therefore, dismiss the Count with prejudice.

Count XII – Adverse Actions and Harassment

Plaintiff states that she was treated unfairly because she was told that she had to take either two fifteen-minute breaks with a half hour lunch break or no breaks with an hour lunch. Plaintiff also states that she overheard a supervisor make light of mistakes made by other employees by saying they were having a "blond moment."  These alleged facts support no cognizable legal claim.  The Court, therefore, will dismiss this count with prejudice.

Count XIII – Unfair Rating and Denial of Interview for Admin. Specialist II Position and Count XIV - Inter se Conspiracy and Discrimination

Like the previously mentioned Counts, Plaintiff has not set forth legally cognizable claims in Counts XIII and XIV.  Therefore, the Court will dismiss these counts with prejudice.

Inasmuch as Plaintiff has already been given an opportunity to amend this complaint and still failed to correct the deficiencies and state legally cognizable claims with regard to the above-mentioned Counts, the Court believes that these counts should be dismissed with prejudice, and Plaintiff may not attempt to reassert these claims.

## COUNTS DISMISSED WITHOUT PREJUDICE

The Court believes Plaintiff made a good faith attempt to comply with the pleading requirements in Fed. R. Civ. P. 8(a)(2) and 10(b), and therefore this Court will dismiss the following Counts without prejudice.

*Count III: Color and Gender Discrimination*

In Count III, Plaintiff's Amended Complaint alleges more than one claim within a single count. The Court will allow this Count to stand because it appears that Plaintiff has alleged facts that could support legally cognizable claims for color and gender discrimination. Thus, the Court will allow Plaintiff another chance to specify her claims and set forth, in separate counts, the nature of her race discrimination claim and the nature of her gender discrimination claim. Plaintiff must clearly tell the Court the nature and basis of each claim, including, but not limited to, names, dates, and specific facts that support each claim.

*Count VI: Retaliation - Denial of Promotion and Color Discrimination Administrative Specialist I-II position Grade 21*

In this count, Plaintiff again states more than one claim within a single count. Plaintiff also re-states a claim for Color Discrimination, which was raised in Count III. This Court need only be presented with each legally cognizable claim once, and Plaintiff should set forth specific facts to support that one Retaliation claim. This presentation should include all relevant

allegations and averments in the manner suggested in the preceding section.  Moreover, the "Denial of Promotion" claim seems to be a race-based claim for failure to promote.  If this is the case, Plaintiff should state only the facts which support her claim.  All other extraneous language and rhetorical content serves only to render the counts unintelligible, verbose, and confusing.  It is not the Court's role to determine exactly what claims Plaintiff are attempting to raise. Therefore, Plaintiff must specify these claims in a more decipherable manner.

*Count VII:  Retaliation - Color and Denial of Promotion Executive Administrative Aide (EAA) position Grade 1; Count IX: Denial of Acting EAA Compensation and Credit; Count X: Retaliation - August 30, 2004, Written Reprimand (Exhibit B 11 - B 16); and Count XI: False Charges of MCGEO and MC Personnel Regulations Written Reprimand (Exhibit B11 - B 16)*

In Counts VII, IX, X, and XI, Plaintiff complains about receiving negative treatment as a result of her engagement in protecting activity.  The Court believes that Plaintiff is attempting to raise claims for Retaliation in each of these Counts.  Though the Court will allow the Plaintiff to amend the complaint, Plaintiff must comply with the requirements of Rules 8(a)(2) and 10(b). Currently, these counts appear unintelligible and extremely verbose.  Nevertheless, when the facts alleged are viewed in the light most favorable to the Plaintiff, the Court believes that Plaintiff presents a valid basis for a legally cognizable harm.  The Court must note that Plaintiff need only plead those facts which are directly pertinent to her Retaliation claim.  Further, Plaintiff need only allege a claim for retaliation in one count.

Having set forth in detail the reasons for dismissing each Count with and without prejudice, the Court will allow Plaintiff one final opportunity to amend her Complaint with respect to the Counts to be dismissed without prejudice to allow Plaintiff to clarify those claims

which she believes she may appropriately be able to plead.  Plaintiff must adhere to the pleading requirements discussed herein.  Accordingly, the Court will allow Plaintiff to file a second amended complaint up to and including ten (10) days from the date of entry of this Memorandum Opinion and Order.  If Plaintiff fails to file her second amended complaint within ten days, the Court would be compelled to dismiss Plaintiff's Amended Complaint (Doc. No. 16) with prejudice.

## **CONCLUSION**

For the reasons stated above, the Court will GRANT-IN-PART with prejudice and GRANT-IN-PART without prejudice Defendant's Motion to Dismiss (Doc. No. 17). The Court will allow Plaintiff to file a second amended complaint on the remaining counts up to and including ten (10) days from the date of entry of this Order.  An Order consistent with this Memorandum Opinion will follow.


Date: <u>December 5, 2007</u>                    _____/s/_____
                                                Alexander Williams, Jr.
                                                United States District Court Judge