# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

MARSHA WHEELER-CHRIST,

    Plaintiff,

v.                             Civil Action No. AW-06-1925

MONTGOMERY COUNTY, MARYLAND,

    Defendant.

******

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 54) seeking to dismiss Plaintiff's Title VII claim and Plaintiff's Motion for Reconsideration (Doc. No. 61). The only remaining claims in this case are Plaintiff's failure to promote with respect to an Administrative Specialist position and Executive Administrative Aide position. The Court held a pretrial conference on August 9, 2010. The Court has reviewed the briefings and documents filed in support of Defendant's motions and finds that no hearing is deemed necessary with respect to the motion. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will **GRANT** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Reconsideration.[1]

## FACTS

Plaintiff Marsha Wheeler-Christ began employment with Montgomery County, Maryland ("County" or "Defendant"), on June 1, 1988, as a part-time Office Services Manager, which converted into a full-time position on October 22, 1989. Defendant began recruiting for an Administrative Specialist ("AS") position in September 2003, for which Plaintiff applied.

---

[1] Plaintiff's Motion for Reconsideration simply raises claims that the Court has already dismissed in prior orders or alleges claims not previously asserted by Plaintiff. In any event, Plaintiff's Motion for Reconsideration is untimely because pursuant to Local Rule 105.10, a party must make such a motion within ten (10) days after entry of an order. The Court's last substantive order in this case was entered on July 15, 2010, and Plaintiff's Motion for Reconsideration was filed on August 9, 2010, well over the ten-day deadline to make such a request.

However, subsequent to accepting applications for this position, but prior to the creation of a list of eligible candidates, the County filled the AS position with an employee whose position had been affected by a reduction-in-force ("RIF"). According to Montgomery County Personnel Regulations, employees affected by a RIF are entitled to priority placement for vacant positions for which they are eligible. Thus, Defendant contends that it was required to fulfill the AS position with a qualified RIF affected employee.

Plaintiff also applied for a position of Executive Administrative Aide ("EAA") in June 2004. Plaintiff was one of twelve candidates placed on the eligible list and was eventually interviewed. However, Defendant asserts that Plaintiff did not perform well during her interview and did not demonstrate that she possessed the ability to perform the duties of the position because of her limited supervisory experience and her negative approach. Thus, Defendant alleges that it hired a more qualified individual for the position who had prior supervisory experience and had positive references from her past employers.

Plaintiff filed a *pro se* Compliant against the County on July 27, 2006, for various claims of employment discrimination. The Court granted Defendant's Motions to Dismiss on three separate occasions after granting Plaintiff leave to amend and urging her to seek counsel. The only claims remaining in the case are two counts of failure to promote the Plaintiff to the AS and EAA positions. After neither party filed dispositive motions within the deadline required by the Court Ordered Scheduling Order, the Court scheduled this case for a four-day jury trial to commence on August 24, 2010. Subsequently, Defendant requested leave to file the pending Motion for Summary Judgment, which the Court granted in an Order dated July 15, 2010. The Court held a pretrial conference on August 9, 2010, and explained to the *pro se* Plaintiff the basis for the Defendant's motion, that she would need to demonstrate evidence that her employer

denied her the promotion because of her race, and if she failed to provide such evidence then the Court would dismiss her case. The Motion for Summary Judgment is now ripe and ready for a ruling.

## **STANDARD OF REVIEW**

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

Moreover, the standard for *pro se* complaints and briefings is less stringent than the standard for those drafted by attorneys. See*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court must construe a *pro se* complaint liberally and allow a potentially meritorious case to develop. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists." *Knowles v. S.C.D.C.*, No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010). The Court has reviewed Plaintiff's opposition to the Defendant's Motion for Summary Judgment and finds that Plaintiff's arguments are vague, unclear, and often irrelevant to the remaining discrimination claims. As explained below, Plaintiff fails to provide evidence of a genuine dispute of material fact to overcome Defendant's proffered and legitimate reasons for denying Plaintiff the promotion to the AS and EAA positions.

## ANALYSIS

In the absence of direct evidence of discrimination or retaliation, as is the case here, a plaintiff's claims for discrimination are analyzed under the burden-shifting proof scheme established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). First, the plaintiff must establish a prima facie case of discrimination or retaliation. *Id.* at 802. After establishing a prima facie case, the burden shifts to the Defendant to proffer a "legitimate, nondiscriminatory reason" for the challenged conduct. *Id.* Upon this showing, the plaintiff must prove by a preponderance of the evidence that the reasons stated by the employer are actually pretext for a discriminatory purpose. *Id.* at 804. A plaintiff can demonstrate pretext if in addition to satisfying a prima facie case there is "sufficient evidence . . . that the employer's asserted justification is false" or "unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Tx. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).

### A. Failure to Promote in Violation of Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such

individual's . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1) (2006).  In order to establish a prima facie case of discrimination based on the failure to promote, Plaintiff must demonstrate that she: "(1) belonged to a protected class; (2) [] applied for the position in question; (3) was qualified for the position;" and (4) was denied the promotion "under circumstances giving rise to an inference of unlawful discrimination." *Moore v. Mukasey*, 305 Fed. App'x 111, 115 (4th Cir. 2008).

Here, Plaintiff fails to satisfy a prima facie case of discrimination in the denial of a promotion to either the AS or EAA positions.  There is no evidence that either promotion was denied under circumstances suggesting that the Defendant was motivated by race in making its decision.  Instead, Defendant argues and provides evidence to prove that under its Personal Regulations it had to fulfill the vacancy for the Administrative Specialist position with an employee whose position had been affected by a RIF.  Moreover, Plaintiff has provided no evidence to disprove the Defendant's assertion that it did not promote the Plaintiff to the EAA because she did not demonstrate the ability to perform the duties of the position during her interview and that another candidate was more qualified.  In fact, most of Plaintiff's arguments in her opposition to the Defendant's motion appear to address claims of Constitutional violations by the State of Maryland for gender and national origin discrimination or other claims that the Court has already dismissed.  Overall, the Court does not believe that Plaintiff has provided sufficient evidence to establish that Defendant's proffered reasons are pretextual.  Accordingly, Plaintiff's Title VII claims for discriminatory denial of promotion to the AS and EAA positions do not survive the summary judgment motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Reconsideration. A separate Order shall follow this Memorandum Opinion.

<u>August 13, 2010</u>                                                                                    <u>           /s/           </u>
        Date                                                                                                  Alexander Williams, Jr.
                                                                                                              United States District Court Judge